**Hashim Ibrahim Saied ALHORI,**
**Petitioner,**

v.

**John ASHCROFT, Attorney**
**General,\* Respondent.**

No. 00–70404.
I & NS No. A73–873–852.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted Oct. 18, 2001.

Decided Nov. 2, 2001.

---

\* John Ashcroft is substituted for his predecessor, Janet Reno, as Attorney General. Fed

R.App. P. 43(c)(2).

Before B. FLETCHER, D.W. NELSON, and McKEOWN, Circuit Judges.

MEMORANDUM **

Saied Alhori, a native and citizen of Sudan, petitions for review of the Board of Immigration Appeals' decision affirming an Immigration Judge's denial of his request for asylum and withholding of deportation. We reverse the BIA and grant the petition.

The BIA dismissed Alhori's petition solely on the ground that he lacked credibility. We must determine whether substantial evidence supports this finding. *Sidhu v. INS,* 220 F.3d 1085, 1088 (9th Cir.2000). Although we can reverse the BIA only if we are "compelled to conclude to the contrary," 8 U.S.C. § 1252(b)(4)(B), the BIA must still have a "legitimate articulable basis to question the petitioner's credibility, and must offer a specific, cogent reason for any stated disbelief." *Shah v. INS,* 220 F.3d 1062, 1067 (9th Cir.2000) (quotations and citations omitted). Neither the record as a whole nor the BIA's opinion substantiates its conclusion.

In finding that Alhori's testimony lacked credibility, the BIA relied primarily on what it characterized as "a troubling amount of discrepancy in the level of detail" regarding Alhori's various statements. The mere failure to spontaneously offer details of events already established in the record cannot support an adverse credibility determination when further detail is consistent with previous testimony. *Chen v. INS,* 266 F.3d 1094 (9th Cir.2001). The

record amply demonstrates that Alhori testified to his arrest, his torture, and the circumstances of his dismissal from the military numerous times preceding any opportunity he had to describe these events in detail. The record further demonstrates that the IJ instructed Alhori to limit his responses to the questions asked, and circumscribed his ability to elaborate on the details. Although the IJ has the authority to conduct proceedings in an efficient manner, 8 U.S.C. § 1229a(b)(1), to curtail Alhori's testimony and then conclude that his limited responses undermine credibility demonstrates the sort of "fatally flawed" reasoning that cannot satisfy the substantial evidence standard. *See Aguilera–Cota v. INS,* 914 F.2d 1375, 1381 (9th Cir.1990).

The BIA also based its adverse credibility determination on apparent "implausibilities" in Alhori's testimony. These findings are not supported by substantial evidence. Nothing in the record indicates that either Alhori's training in the military or his position as a security official in the capital offered him any more knowledge of Sudanese politics or military strategy in the South than he professed to have. Mere conjecture on the part of the IJ that Alhori should have known more cannot support the BIA's finding. *See Bandari v. INS,* 227 F.3d 1160, 1167 (9th Cir.2000) ("conjecture and speculation can never replace substantial evidence"). Similarly, the BIA's other findings of apparent implausibilities lack the sort of "reasonable, substantial, and probative evidence on the record" necessary to support an adverse credibility determination. *See INS v. Elias-Zacarias,* 502 U.S. 478, 481, 112 S.Ct. 812, 117 L.Ed.2d 38 (1992); *Hartooni v. INS,* 21 F.3d 336, 342 (9th Cir.1994) (adverse credibility determinations require "a specific, cogent reason for any stated disbelief").

■ Because we are compelled to find Alhori's testimony credible, we also consider whether this evidence establishes his eligibility for asylum or withholding of removal. *See Chen,* 266 F.3d at 1101 ("based on sound principles of administrative law and jurisprudence, we generally 'do not remand a matter to the BIA if, on the record before us, it is clear that we would be compelled to reverse its decision if it had decided the matter against the applicant' ") (quoting *Navas v. INS,* 217 F.3d 646 (9th Cir.2000)). Alhori's unrebutted testimony demonstrates that he was arrested and tortured by government intelligence forces on several occasions because the government feared he was associated with opposition parties and would use his knowledge to aid them. This testimony establishes that Alhori was persecuted "on account of" an imputed political opinion. *See Al–Harbi v. INS,* 242 F.3d 882, 890 (9th Cir.2001). Because the record demonstrates that country conditions have not changed, we are compelled to conclude that Alhori has established a "well-founded fear" of future persecution making him eligible for asylum. *See Kataria v. INS,* 232 F.3d 1107, 1115 (9th Cir. 2000).

■ Similarly, Alhori's testimony establishes a "clear probability of persecution" should he return to Sudan, thus entitling him to withholding of removal. *See INS v. Cardoza–Fonseca,* 480 U.S. 421, 423, 107 S.Ct. 1207, 94 L.Ed.2d 434 (1987); *Duarte de Guinac v. INS,* 179 F.3d 1156, 1164 (9th Cir.1999). "Although the 'clear probability' standard for withholding of deportation is more stringent than the 'well-founded fear' standard for asylum, if a petitioner has suffered past persecution such that his life or freedom was threatened in his home country on account of a protected ground, he is presumed to be entitled to withholding of deportation."

*Duarte de Guinac,* 179 F.3d at 1164. Nothing in the record here rebuts this presumption. We therefore grant Alhori's petition for withholding and remand to the Attorney General to exercise his discretion in granting asylum to Alhori.

PETITION FOR REVIEW GRANTED; APPLICATION FOR WITHHOLDING GRANTED; APPLICATION FOR ASYLUM REMANDED (for the exercise of the Attorney General's discretion).

---

* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.